07CR 811  JUDGE PALLMEYER

| CDIL PROB 22 (Rev. 4/97) | | | DOCKET NUMBER (Tran. Court) 0753/5 06-20045-001 |
|---|---|---|---|
| | TRANSFER OF JURISDICTION | | |
| | MAGISTRATE JUDGE MASON | | DOCKET NUMBER (Rec. Court) |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Abena Whisenton | DISTRICT: CENTRAL DISTRICT OF ILLINOIS | | DIVISION Urbana |
| | NAME OF SENTENCING JUDGE Michael P. McCuskey | | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 08/29/2007 | TO 08/28/2011 |
| OFFENSE False Statement/Representation 18:1001 | | | |

FILED DEC 1 4 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois/Chicago upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*   :kjb

10/31/07
Date

FILED 12-18-07 DEC 18 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Michael P. McCuskey
Chief United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS/CHICAGO

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

DEC - 4 2007
Effective Date

James F. Holderman
United States District Judge

RECEIVED DEC 5 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
BY: DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: DEC 11 2007



# United States District Courts
## CENTRAL DISTRICT OF ILLINOIS

JOHN M. WATERS
CLERK OF COURT

TEL: 217-373-5830
FAX: 217-373-5834

OFFICE OF THE CLERK
218 U.S. COURTHOUSE
201 S. VINE STREET
URBANA, ILLINOIS 61802

December 14, 2007

Dear Clerk:

On **10/31/07**, an order by the Honorable **Michael P. McCuskey**, Chief US District Judge, was entered transferring the above-mentioned case from this District Court to the US District Court, **Northern District of Illinois/Chicago**.

Enclosed is a certified copy of the docket sheet. This court is using the electronic filing system. You may access our electronic case file at the following address: http://ecf.ilcd.uscourts.gov to obtain the remaining documents. We have assigned a login and password for district courts to use in accessing this information. The login is: ▆▆▆▆, and the password is ▆▆▆▆. This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system. You will need Adobe Acrobat Reader loaded on your computer in order to view the documents.

Please acknowledge receipt of the docket by returning a copy of this letter.

Very truly yours,
JOHN M. WATERS, CLERK

By: s/S. Doan
    Deputy Clerk

RECEIPTED ACKNOWLEDGED ON: _____

By: _____    CASE NO. _____

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Urbana)
## CRIMINAL DOCKET FOR CASE #: 2:06-cr-20045-MPM-DGB-1
### Internal Use Only

Case title: USA v. Whisenton

Date Filed: 08/03/2006
Date Terminated: 08/31/2007

Assigned to: Chief Judge Michael P. McCuskey
Referred to: Magistrate Judge David G. Bernthal

### Defendant (1)

**Abena Whisenton**
*TERMINATED: 08/31/2007*

represented by **John C Taylor**
FEDERAL PUBLIC DEFENDER
300 W Main St
Urbana, IL 61801
217-373--0666
Fax: 217-373-0667
Email: john_taylor@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

### Pending Counts

STATEMENTS OR ENTRIES GENERALLY. In January 2006 defendant did knowingly and willfully make false statements to FBI agents when the defendant well knew the statements were materially false, fictitious and fraudulent in violation of 18 USC 1001 and 2(a).
(1)

### Disposition

It is the judgment of the Court the defendant is hereby placed on probation for a term of four years and under special conditions. Defendant to serve one day of custody with credit for processing by US Marshal. Defendant is to pay $100 special assessment and a $2000 fine. Appeal rights given.

### Highest Offense Level (Opening)

Felony

A TRUE COPY
ATTEST:
JOHN M. WATERS, CLERK
BY: S. Doan
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: 12-14-07

### Terminated Counts

None

### Disposition

**Highest Offense Level (Terminated)**

None

**Complaints**                                              **Disposition**

None

---

**Plaintiff**

USA                                    represented by    **Timothy A Bass**
                                                        US ATTY
                                                        201 South Vine
                                                        Urbana, IL 61801
                                                        217-373-5875
                                                        Fax: 217-373-5891
                                                        Email: tim.bass@usdoj.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/03/2006 | 1 | INDICTMENT as to Abena Whisenton (1) count 1. (KM, ilcd) (Entered: 08/03/2006) |
| 08/03/2006 | 2 | +++ SEALED DOCUMENT. (Unredacted Indictment). (KM, ilcd) (Entered: 08/03/2006) |
| 08/03/2006 |   | NOTICE OF HEARING as to Abena Whisenton: Initial Appearance set for 8/3/2006 at 3:15 PM in Courtroom C before Magistrate Judge David G. Bernthal. (KM, ilcd) (Entered: 08/03/2006) |
| 08/03/2006 |   | Arrest of Abena Whisenton (KM, ilcd) (Entered: 08/03/2006) |
| 08/03/2006 |   | Minute Entry for proceedings held 8/4/06 before Judge David G. Bernthal. Appearance of Tim Bass, AUSA for Government. Appearance of ABENA WHISENTON in person. Cause called for Initial Appearance. Defendant advised of charges and rights, including right to counsel. Defendant requests court-appointed counsel and files financial affidavit. Court finds defendant qualifies and appoints Federal Defender's Office. AFPD John Taylor present in court. Cause called for Arraignment. Defendant sworn, questioned by the Court. Defendant advised of rights, charges and possible penalties. Defendant enters plea of not guilty to Count 1 of Indictment. Scheduling order to be entered. Cause called for Detention Hearing. Government agrees with recommendation in pretrial services report re: release of defendant. No objection by defendant to conditions. Defendant released on $10,000 Unsecured Bond with special conditions. (Tape #C354; 684-1764.) (SKD, ilcd) (Entered: 08/04/2006) |
| 08/03/2006 | 4 | CJA 23 Financial Affidavit by Abena Whisenton (SKD, ilcd) (Entered: |

|  |  |  |
|---|---|---|
|  |  | 08/04/2006) |
| 08/03/2006 | 5 | Unsecured Bond Entered as to Abena Whisenton in the amount of $10,000 (SKD, ilcd) (Entered: 08/04/2006) |
| 08/03/2006 | 6 | ORDER Setting Conditions of Release as to Abena Whisenton (1) re: $10,000 Unsecured Bond Entered by Judge David G. Bernthal. (SKD, ilcd) (Entered: 08/04/2006) |
| 08/04/2006 | 7 | SCHEDULING ORDER as to Abena Whisenton Entered by Judge David G. Bernthal. Matter set for Pretrial Conference on 9/21/2006 at 4:30 PM; Jury Selection and Jury Trial set for 10/2/2006 at 9:00 AM in Courtroom A before Chief Judge Michael P. McCuskey. (SKD, ilcd) (Entered: 08/04/2006) |
| 08/10/2006 | 8 | Arrest Warrant Returned Executed on 8/3/06 as to Abena Whisenton. (SKD, ilcd) (Entered: 08/10/2006) |
| 09/12/2006 | 9 | First MOTION to Continue *Pretrial Conference And Trial Dates And To Extend The Rule 12.1 Motion Filing Deadline* by Abena Whisenton. (Taylor, John) (Entered: 09/12/2006) |
| 09/19/2006 |  | NOTICE OF HEARING: On the Court's own motion, the pretrial conference set for 9/21/2006 at 4:30 PM as to Abena Whisenton is RESET for 9/21/2006 at 3:00 PM in Courtroom A before Chief Judge Michael P. McCuskey and will be a hearing on the 9 Motion to Continue Pretrial Conference and Trial Dates and to Extend the Rule 12.1 Motion Filing Deadline. (MB, ilcd) (Entered: 09/19/2006) |
| 09/21/2006 |  | Minute Entry for proceedings held 9/21/06 before Chief Judge Michael P. McCuskey. Appearance of Tim Bass, AUSA for Government. Appearance of ABENA WHISENTON in person, with counsel AFPD John Taylor. Cause called for Final Pretrial; not held. Hearing held on 9 First MOTION to Continue Pretrial Conference And Trial Dates And To Extend The Rule 12.1 Motion Filing Deadline filed by Abena Whisenton. No objection by Government. Motion GRANTED. Matter set for Status Conference on 11/22/2006 at 10:00 AM in Courtroom A before Chief Judge Michael P. McCuskey. The Court finds the ends of justice have been met pursuant to 18 USC 3161 (h)(8)(A). Time is excluded from 9/21/06 until 11/22/06. Defendant's bond remains in effect. (Court Reporter LC.) (SKD, ilcd) (Entered: 09/21/2006) |
| 11/22/2006 |  | Minute Entry for proceedings held on 11/22/2006 before Chief Judge Michael P. McCuskey : Appearance for the Government by AUSA Tim Bass. Defendant ABENA WHISENTON appeared by telephone with counsel, AFPD John Taylor present in court. Status Conference held. Further Status Conference set for 12/1/2006 at 3:30 PM by personal appearance in Courtroom A before Chief Judge Michael P. McCuskey. The Court finds the ends of justice are met pursuant to Title 18 U.S.C. Section 3161(h)(8)(A). Time is excluded from 11/22/2006 to 12/1/2006. Defendant's bond to remain in effect. (Court Reporter LC) (SP, ilcd) (Entered: 11/22/2006) |

| | | |
|---|---|---|
| 12/01/2006 | 🔵 | Minute Entry for proceedings held 12/1/06 before Chief Judge Michael P. McCuskey. Appearance by telephone of Tim Bass, AUSA for Government. Appearance of ABENA WISENTON by phone and personal appearance of AFPD John Taylor. Status Conference held. Status of defendant's bond conditions and treatment regimen discussed. Further Status Conference set for 1/10/2007 at 3:30 PM in Courtroom A before Chief Judge Michael P. McCuskey. The Court finds the ends of justice have been met pursuant to 18 USC 3161 (h)(8)(A). Time is excluded from 12/1/06 until 1/10/07. Defendant's bond remains in effect. (Court Reporter LC.) (SKD, ilcd) (Entered: 12/01/2006) |
| 01/10/2007 | 🔵 | Minute Entry for proceedings held 1/10/07 before Chief Judge Michael P. McCuskey. Appearance of Tim Bass, AUSA for Government. Appearance of ABENA WHISENTON in person, with counsel John Taylor, AFPD. Status Conference held. Defendant requests to continue this matter. Granted. Matter set for Status Conference on 3/8/2007 at 2:30 PM in Courtroom A before Chief Judge Michael P. McCuskey. The Court finds the ends of justice have been met pursuant to 18 USC 3161 (h)(8)(A). Time is excluded from 1/10/07 until 3/8/07. (Court Reporter LC.) (SKD, ilcd) (Entered: 01/11/2007) |
| 03/08/2007 | 🔵 | Minute Entry for proceedings held 3/8/07 before Chief Judge Michael P. McCuskey. Appearance of AUSA Tim Bass, AUSA for Government. Appearance of ABENA WHISENTON in person, with counsel AFPD John Taylor. CHANGE OF PLEA Hearing held. Defendant sworn, advised of charges, rights and penalties. Plea entered by Abena Whisenton (1); Guilty to Count 1. No written plea agreement filed. Court accepts plea of guilty and finds defendant guilty as charged. Sentencing set for 6/29/2007 at 3:30 PM in Courtroom A before Chief Judge Michael P. McCuskey. Cause referred to US Probation for Presentence Investigation Report. Government has no objection to defendant remaining on bond. Defendant's bond remains in effect. (Court Reporter LC.) (SKD, ilcd) (Entered: 03/09/2007) |
| 03/09/2007 | 🔵 10 | ORDER ON IMPLEMENTATION OF SENTENCING GUIDELINES as to Abena Whisenton Entered by Judge Michael P. McCuskey. (SKD, ilcd) (Entered: 03/09/2007) |
| 06/19/2007 | 🔵 11 | MOTION to Continue *Sentencing Hearing* by Abena Whisenton. (Taylor, John) (Entered: 06/19/2007) |
| 06/19/2007 | 🔵 | NOTICE OF HEARING: A hearing on the 11 Motion to Continue Sentencing Hearing as to Abena Whisenton is set for 6/29/2007 at 3:30 PM in Courtroom A before Chief Judge Michael P. McCuskey. Due to defendant's medical condition, she is allowed to appear by telephone at this hearing. (MB, ilcd) (Entered: 06/19/2007) |
| 06/29/2007 | 🔵 | Minute Entry for proceedings held 6/29/07 before Chief Judge Michael P. McCuskey. Appearance of AUSA Tim Bass for Government. Appearance of ABENA WHISENTON by phone and counsel AFPD John Taylor. Appearance of USPO/NDIL Laura Marquez by phone. Matter set for sentencing; not held. Motion hearing held re: 11 MOTION |

| | | |
|---|---|---|
| | | to Continue Sentencing Hearing filed by Abena Whisenton. Defendant's medical condition discussed. Motion (#11) granted. Sentencing reset to 8/29/07 at 4:00 p.m. in Courtroom A, before Chief Judge Michael P. McCuskey. Defendant's bond remains in effect. As a condition of bond, defendant to sign any necessary consents to get latest medical records. (Court Reporter LC.) (SKD, ilcd) (Entered: 06/29/2007) |
| 06/29/2007 | ● | Set/Reset Deadlines/Hearings as to Abena Whisenton: Sentencing set for 8/29/2007 at 4:00 PM in Courtroom A before Chief Judge Michael P. McCuskey. (SKD, ilcd) (Entered: 06/29/2007) |
| 08/29/2007 | ● | Minute Entry for proceedings held 8/29/07 before Chief Judge Michael P. McCuskey. Appearance of AUSA Tim Bass for Government. Appearance of ABENA WHISENTON in person, with counsel AFPD John Taylor. Sentencing held. Counsel acknowledge receipt of Presentence Report; no objections stated. Recommendations of counsel heard. Sentencing Abena Whisenton (1) on Count 1: It is the judgment of the Court the defendant is hereby placed on probation for a term of four years and under special conditions. Defendant to serve one day of custody with credit for today's processing by US Marshal. Defendant is to pay $100 special assessment and a $2000 fine. Appeal rights given. (Court Reporter LC.) (SKD, ilcd) (Entered: 08/30/2007) |
| 08/29/2007 | ●12 | +++ **PRESENTENCE INVESTIGATION REPORT** as to Abena Whisenton (SKD, ilcd) (Entered: 08/30/2007) |
| 08/29/2007 | ●13 | +++ **SENTENCING RECOMMENDATION** as to Abena Whisenton. (SKD, ilcd) (Entered: 08/30/2007) |
| 08/31/2007 | ●14 | +++ **STATEMENT OF REASONS FOR IMPOSING SENTENCE** as to Abena Whisenton (SKD, ilcd) (Entered: 08/31/2007) |
| 08/31/2007 | ●15 | JUDGMENT as to Abena Whisenton (1) on Count 1 Entered by Chief Judge Michael P. McCuskey. (SKD, ilcd) (Entered: 08/31/2007) |
| 12/14/2007 | ●16 | Supervised Release Jurisdiction Transferred to NDIL/Chicago as to Abena Whisenton. (SKD, ilcd) (Entered: 12/14/2007) |
| 12/14/2007 | ●17 | Letter to Clerk, NDIL/Chicago providing case information and guest login to access documents. (SKD, ilcd) (Entered: 12/14/2007) |

United States District Court
Account Summary

12/14/2007

WHISENTON, ABENA           Case Number    0753 1 0620045 001
                           Assessment              100.00
,                          Fine                  2,000.00
                           Restitution               0.00
                           Officer

E-FILED
Thursday, 03 August, 2006  02:37:58 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

**FILED**
AUG - 3 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 06-20045 |
| ) | VIOLATIONS: Title 18, United |
| ) | States Code, Sections 1001 |
| ABENA WHISENTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## INDICTMENT

THE GRAND JURY CHARGES:

1. In January 2006, federal and state law enforcement authorities organized a joint investigation into various armed robberies that occurred in and around the Kankakee, Illinois area between November 2005 and January 2006. The robberies included the January 11, 2006, armed robbery of the Commonwealth Credit Union in Kankakee, during which more than $300,000 was stolen, and the January 19, 2006, armed robbery of the Acme Credit Union in Riverdale, Illinois, during which more than $200,000 was stolen.

2. On or about January 23, 2006, the defendant, **ABENA WHISENTON**, contacted law enforcement officers and represented that she had information concerning the armed robbery of the Riverdale credit union. The defendant represented to agents of the Federal Bureau of Investigation (FBI) that, on or about January 21, 2006, she spent an evening at a Kankakee residence with a man referred to in this indictment

as C.W. The defendant further represented that C.W. told the defendant that he and others had committed the Riverdale robbery and also implied that he and others had committed other robberies in Kankakee. The defendant further represented that C.W. showed the defendant approximately $100,000 or more in cash from robbery proceeds.

3. Based on the information provided by the defendant, the defendant and FBI agents agreed that the defendant would act as a paid confidential informant for the FBI in order to attempt to obtain further information during the robbery investigation. The FBI provided the defendant with a recording device so that the defendant could record any conversations she had with C.W. concerning the armed robberies.

4. On January 27, 2006, FBI and other law enforcement agents met with the defendant in Kankakee, Illinois. During that meeting, the defendant falsely represented to FBI agents that she had received a phone call from C.W., and that she had engaged in a recorded conversation with C.W. concerning the armed robberies. The defendant further provided FBI agents with a tape recording, which the defendant falsely represented contained her recorded conversation with C.W. As the defendant well knew, however, she had not engaged in any conversation with C.W. In fact, as the defendant well knew, the defendant staged the entire incident by enlisting a male friend to create a false recorded conversation in order to implicate C.W. and others in the robberies and thereby receive payment for her cooperation from the FBI.

5. Based on the false information provided by the defendant, FBI agents made investigative decisions to the detriment of the ongoing armed robbery

investigation. In addition, law enforcement agents paid the defendant more than $2,000 as compensation for acting as a confidential informant.

6.     On or about January 27, 2006, in the Central District of Illinois, the defendant,

**ABENA WHISENTON.,**

knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the FBI; specifically, on or about January 27, 2006, the defendant falsely represented to FBI agents that she had conducted a recorded conversation with a person the defendant identified as C.W., during which the defendant and C.W. discussed the involvement of C.W. and others in an armed robbery, and the defendant provided FBI agents with a tape recording of the conversation, when, as the defendant well knew, the statements and representations were materially false, fictitious and fraudulent.

All in violation of Title 18, United States Code, Sections 1001 and 2(a).

s/ Foreperson
FOREPERSON

s/ Gregory Harris
RODGER A. HEATON
UNITED STATES ATTORNEY
TAB

3

**E-FILED**
Friday, 31 August, 2007 11:04:06 AM
Clerk, U.S. District Court, ILCD

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

_____Central_____ District of _____Illinois_____

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| ABENA WHISENTON | Case Number: 06-20045 |
| | USM Number: 14669026 |
| | John Taylor |
| | Defendant's Attorney |

FILED
AUG 31 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1001 and 2(a) | False Statement/Representation | 10/30/2006 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s) _____ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/29/2007
Date of Imposition of Judgment

s/Michael P. McCuskey
Signature of Judge

MICHAEL P. MCCUSKEY          CHIEF U.S. DISTRICT JUDGE
Name and Title of Judge

Date   8/31/07

AO 245B (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: ABENA WHISENTON
CASE NUMBER: 06-20045

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

1 DAY (Defendant to serve 1 day of custody with credit for processing by US Marshal on 8/29/2007)

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____.
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before p.m. on _____.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 4—Probation

Judgment—Page __3__ of __6__

DEFENDANT: ABENA WHISENTON
CASE NUMBER: 06-20045

# PROBATION

The defendant is hereby sentenced to probation for a term of :

FOUR (4) YEARS.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from [ ] excessive [x] any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 4C — Probation

Judgment—Page __4__ of __6__

DEFENDANT: ABENA WHISENTON
CASE NUMBER: 06-20045

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

2. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation officer, participate in a program for substance abuse treatment, including not more than six tests per month to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation office.

3. You shall participate in psychiatric services and/or a program of mental health counseling/treatment as directed by the probation officer and shall take any and all prescribed medications as directed by the treatment providers. You shall pay for these services as directed by the probation officer.

4. You shall serve twelve months in home confinement during your term of probation. The home confinement will start as soon as probation sets up the proper telephone line in defendant's home. You shall sign the rules of home confinement/ electronic monitoring (EM) and comply with the conditions of home confinement. During this time, you will remain at your place of residence except for employment and other activities approved in advance by your probation officer. You shall wear an EM device and you shall pay the cost of the program as directed by the probation office.

5. You shall not incur any new debts over $250, or open any additional lines of credit, without prior approval of the probation officer.

6. You shall provide the probation officer access to any requested financial information including both your business and personal income tax returns.

7. You shall obtain a G.E.D. during the term of probation.

8. You shall participate in a program of job training or employment counseling as directed by the probation officer.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  6

**DEFENDANT:** ABENA WHISENTON
**CASE NUMBER:** 06-20045

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 2,000.00 | $ |

■ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: ABENA WHISENTON
CASE NUMBER: 06-20045

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Said fine shall be paid in monthly payments of at least 50% of your disposable income, or at least $40 per month, whichever is greater, during the entire term of probation until the obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.